W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,

v.

LOCAL UNION NO. 125, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO, Defendant-Appellee.

No. 17344.

United States Court of Appeals Sixth Circuit.

Dec. 15, 1966.

---

11. See footnote 7, supra.

**922**

Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, R. S. Salzman, Morton Hollander, Robert V. Zener, Civ. Div., Dept. of Justice, Washington, D. C., for appellant.

Mortimer Riemer, Cleveland, Ohio, for appellee.

## ORDER VACATING JUDGMENT AND REMANDING WITH INSTRUCTIONS

The Secretary of Labor brought this suit under Section 402 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 482, to challenge the validity of a union general election held in June, 1963, and a runoff election held the following month. The district court, in an opinion reported at 231 F.Supp. 590, dismissed the Secretary's complaint insofar as it dealt with the general election on the ground that internal union procedures had not been exhausted in an effort to correct the alleged irregularities in that election, and the Secretary here contests the propriety of that dismissal.

Subsequent to the decision of the trial judge, a general election was held by the union in June, 1966. The present union officers hold their positions pursuant to this 1966 election and not the election challenged by the Secretary. Appellee contends, and the court agrees, that this fact renders moot the question on appeal, since the statutory remedies for election irregularities can serve no purpose here in light of the subsequent election which has been held. To prevent the district court decision herein held to be unappealable from serving as a precedent, the court will not dismiss the appeal as requested by appellee, but will vacate the judgment of the district court dismissing a portion of the Secretary's suit and will remand with instructions to dismiss the complaint as moot insofar as it relates to the 1963 general election. See United States v. Munsingwear, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

The court deems it appropriate to cite here the following observation of the Second Circuit in the cases of Wirtz v. Local Unions 410, 410A, 410B & 410C, International Union of Operating Engineers and Wirtz v. Local 30, International Union of Operating Engineers, decided August 1, 1966, 366 F.2d 438:

> As these cases illustrate, it is the delays incident to civil cases in the district courts which create the substantial likelihood that subsequent union elections will moot Title IV cases prior to appellate review. To prevent recurrence of such delays, we think the district courts should expedite the trial of Title IV cases to the greatest extent possible.

It is ordered that the judgment of the district court dismissing the portion of the Secretary's complaint dealing with the 1963 general election is vacated, and the case is remanded with instructions that said portion of the complaint be dismissed as moot.